
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| L. A. S., individually and on behalf of her minor child, S.A.S.,<br><br>                Plaintiff-Appellant,<br><br>     v.<br><br>DEPARTMENT OF EDUCATION, State of Hawaii, Department of Education; KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawaii Public Schools,<br><br>                Defendants-Appellees. | No. 14-17443<br><br>D.C. Nos.<br>1:14-cv-00071-SOM-BMK<br>1:12-cv-00213-SOM-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted June 14, 2017
Honolulu, Hawaii

Before: FISHER, PAEZ and NGUYEN, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

L.A.S., individually and on behalf of her minor child, S.A.S., brought this appeal involving the Individuals with Disabilities Education Act (IDEA). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in reversing the administrative hearing officer's (AHO) first determination, because L.A.S.'s administrative complaint did not plead the issue the AHO decided. *See Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 817 (9th Cir. 2007) (reviewing a district court's legal conclusions de novo). Plaintiff has not cited any authority preventing the district court from limiting the scope of the proceedings to those issues raised in the administrative complaint and argued by a plaintiff. *See K.D. ex rel. C.L. v. Dep't of Educ., Haw.*, 665 F.3d 1110, 1117 (9th Cir. 2011) (explaining that the party challenging the district court's holding bears the burden of proof on appeal); *see also Cty. of San Diego v. Calif. Special Educ. Hearing Office*, 93 F.3d 1458, 1465 (9th Cir. 1996) (holding the scope of the administrative hearing is limited to the administrative complaint raised to obtain the hearing).

2. The district court also did not err in affirming the AHO's second determination finding no predetermination by the Hawaii Department of Education (DOE). *See K.D.*, 665 F.3d at 1123 (holding a school district violates the IDEA if it predetermines a student's placement before the individualized education plan is

2

developed).  Plaintiff has not shown the DOE was unwilling to consider locating

S.A.S. in private school.  *See id.* (considering the DOE's actions and intent in a

predetermination inquiry).  Further, Plaintiff has not cited to any authority

supporting her argument that the inquiry turns on her interpretation of the letter

rather than the DOE's intent.  *See id.* at 1117 (explaining that the party challenging

the district court's holding bears the burden of proof on appeal).  The March 2011

letter is somewhat troubling but, on its own, is insufficient to carry Plaintiff's

burden.

**AFFIRMED.**